UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IBEW LOCAL 648　　　　　　　　　　　　Civil Action No. 1:10-cv-467
PENSION PLAN, et al.,　　　　　　　　　Dlott, J.
　　　　Plaintiffs　　　　　　　　　　　　Litkovitz, M.J.

　　vs

BUTLER COUNTY　　　　　　　　　　　　ORDER AND REPORT AND
ELECTRIC,　　　　　　　　　　　　　　　RECOMMENDATION
　　　　Defendant

This matter is before the Court on plaintiffs' amended motion for default judgment against defendant (Doc. 14) and supporting affidavits (Doc. 8, Exhs. B-C) and Statement of Damages. (Doc. 15). An oral hearing on the motion was held on May 4, 2011.[1] (Doc. 13).

### I. Factual and procedural background

On July 15, 2010, plaintiffs filed a complaint pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and § 301(a) of the Labor Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. § 185(a), against defendant Butler County Electric. (Doc. 1). The complaint alleges the following:

Plaintiff IBEW Local No. 648 Pension Fund (Pension Fund) is a multi-employer benefit plan and employee pension benefit plan within the meaning of § 3(2)(A)(3) of ERISA, 29 U.S.C. § 1002(2)(A)(3). (Id., ¶ 3). Plaintiff Pension Fund brings this action on

---

[1] Defendant Butler County Electric did not appear at the hearing. Notice of the hearing had been sent to defendant by regular and certified mail on April 8, 2011, at defendant's address of record as of that date. (Doc. 12). The certified mail was returned as undeliverable and with notification of an updated address on May 19, 2011, following the hearing. (Doc. 16). Defendant was successfully served with the notice at the new address but has not filed anything in response. (Docs. 17, 18).

behalf of the Trustees, participants and beneficiaries of the Pension Fund. (*Id.*). Plaintiff IBEW Local No. 648 Health and Welfare Fund (Health and Welfare Fund) is a multi-employer benefit plan and employee welfare benefit plan within the meaning of §§ 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3). (*Id.*, ¶ 4). The Health and Welfare Fund brings this action on behalf of the trustees, participants and beneficiaries of the Health and Welfare Fund. (*Id.*). Plaintiff IBEW Local No. 648 (Union) is a labor organization as defined in § 2(5) of the LMRA, as amended, 29 U.S.C. § 152(5), and an employee organization under ERISA § 3(4), 29 U.S.C. § 1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in § 2(7) of the LMRA, as amended, 29 U.S.C. § 152(7). (*Id.*, ¶ 5). Plaintiff IBEW Local No. 648 JATC Fund (JATC Fund) is a multi-employer benefit plan and employee welfare benefit plan within the meaning of §§ 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3). (*Id.*, ¶ 6). The JATC Fund brings this action on behalf of the trustees, participants and beneficiaries of the JATC Fund. (*Id.*). At all relevant times, defendant Butler County Electric has been an employer as defined in § 2(2) of the LMRA, as amended, 29 U.S.C. § 152(2), engaged in and affecting commerce as defined in pertinent provisions of ERISA. (*Id.*, ¶ 7).

Count I of the complaint alleges that defendant was a party to, and agreed to abide by, the terms of a collective bargaining agreement with the Union. (*Id.*, ¶ 9; Exh. A). Pursuant to the collective bargaining agreement, defendant agreed to make timely payments to the plaintiffs for each employee covered by the agreement. (*Id.*, ¶10). Defendant failed to make contributions to the plaintiffs for all hours worked by certain of its employees for the period of February 2010 through June 2010, and failed to make complete contributions for all hours

worked for the month of January 2010, and thus failed to perform its obligations under the terms of the collective bargaining agreement and the "Trust Agreement."[2] (*Id.*, ¶¶ 11, 12, 14). As a result of its failure to make full contributions for the period January through June 2010, defendant is indebted to the plaintiffs in an amount to be determined through a financial audit. (*Id.*, ¶13).

The collective bargaining agreement also required defendant Butler County Electric to deduct Union dues from the pay of each of its bargaining unit employees and remit the dues to the Union on a monthly basis, together with the contributions required from the other named plaintiffs. (*Id.*, ¶ 10). Defendant failed to submit the dues that should have been deducted from the paychecks of its bargaining unit employees to the Union. (*Id.*, ¶ 14).

Count II of the complaint alleges that the collective bargaining agreement requires defendant to submit monthly reports and contributions to the Joint Industry Benefit Fund. (*Id.*, ¶ 17). For the period January through June 2010, defendant failed to submit the contributions and reports in accordance with the terms of the collective bargaining agreement. (*Id.*, ¶ 19).

Count III of the complaint alleges that defendant Butler County Electric entered into a Settlement Agreement with plaintiffs on July 30, 2009, under which it agreed to repay its delinquency to plaintiffs in the amount of $280,500.86. (*Id.*, ¶ 20; Exh. B). Defendant breached the Settlement Agreement by failing to make a series of 46 monthly payments to satisfy its debt following its February 2010 payment, leaving an unpaid balance of

---

[2]Plaintiffs did not attach a "Trust Agreement" to the complaint. They subsequently submitted two Trust Agreements with the Statement of Damages. (Doc. 15, Exhs. C, D). Exhibit C is the Trust Agreement which required defendant to make health and welfare fund contributions. Exhibit C is the Trust Agreement which required defendant to make pension fund contributions.

$195,500.86. (*Id.*, ¶ 21; Exh. C). Defendant is therefore in breach of the Settlement Agreement and pursuant to Item 9 of the agreement, the Funds, the Union and "NECA" (the National Electrical Contractors Association, which is not named as a party to this lawsuit[3]) have the right to immediately enforce the Settlement Agreement against defendant Butler County Electric and to collect all costs, interest, fees and liquidated damages available under ERISA. (*Id.*, ¶ 22).

## II. Clarification of the complaint

After plaintiffs filed their original motion for default judgment (Doc. 8), the Court issued an Order directing plaintiffs to clarify the identities of the proper plaintiffs in this action in view of references in the complaint to NECA, which was neither identified in the complaint nor named as a party to the lawsuit. (Doc. 9). Plaintiffs subsequently filed a written clarification and represented at the hearing that (1) the named plaintiffs are the correct parties, and (2) ¶ 13 of the complaint and the prayer for relief at page 7, ¶¶ A, B and D, should name the JATC Fund in place of NECA. Pursuant to plaintiffs' clarification, the complaint (Doc. 1) is modified as follows:

- At ¶ 13, second sentence, and page 7, ¶¶ A, B and D, "JATC Fund" is substituted for "NECA."

## III. Amended motion for default judgment

Plaintiffs are now before the Court seeking relief against defendant Butler County

---

[3]Plaintiffs have submitted a document clarifying that NECA is a party to the Settlement Agreement. NECA is responsible for the collection of ancillary funds and the amounts owed to NECA are collected through the IBEW Local 648, Cincinnati Chapter NECA Benefit Office, which is the collection authority for the plaintiffs. (Doc. 10 at 1-2).

Electric pursuant to their amended motion for default judgment.[4] (Doc. 14). The file and records in this action show: (1) The complaint in this action was filed against defendant on or about July 15, 2010 (Doc. 1); (2) the summons and complaint were duly served on defendant (Docs. 3, 4); (3) no answer or other defense has ever been filed by defendant as shown by the records of this Court; (4) default has been entered in the civil docket in the office of the Clerk of this Court (Doc. 7); (5) no proceedings have been taken by defendant since the default was entered; and (6) defendant is neither an infant nor an incompetent person. (Doc. 8, Exh. B, Affidavit of Rachel Parisi; Exh. C, Affidavit of Linda Bryant).

Fed. R. Civ. P. 55(b)(1) provides that after entry of default, if the plaintiffs' claim is for a sum certain or a sum that can be made certain by computation, the clerk must enter default judgment. Rule 55(b)(2) provides that in all other cases, the plaintiff must apply to the court for a default judgment. The court may conduct hearings when necessary in order to:

>  (A) conduct an accounting;
>  (B) determine the amount of damages;
>  (C) establish the truth of any allegation by evidence; or
>  (D) investigate any other matter.

Ordinarily, the default itself establishes the defendant's liability. Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). *See also Trice v. Lake & Country Real Estate,* No. 86-1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983)).

---

[4] Plaintiffs amended the original motion for default judgment to correct the damage amounts they seek.

Accepting as true the facts set forth in the complaint, defendant Butler County Electric has failed to make contributions to the plaintiffs according to the terms of the collective bargaining agreement (Doc. 15, Exh. E) and as required under the authority of the Trust Agreements (*Id.*, Exhs. C, D); defendant has failed to submit to the Union dues which should have been deducted from the paychecks of its bargaining unit employees; defendant has failed to submit contributions and reports for the ancillary funds in accordance with the terms of the agreement; and defendant has failed to make delinquency payments pursuant to the terms of the Settlement Agreement (*Id.*, Exh. B). (Doc. 1, ¶¶ 11, 12, 14, 19, 21). Defendant's omissions constitute a breach of the collective bargaining agreement for which defendant is liable under 29 U.S.C. § 185(a).[5] Defendant's omissions also constitute a violation of 29 U.S.C. § 1145, which states in pertinent part: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Because defendant has failed to plead or otherwise defend on plaintiffs' claims, defendant is liable on each count and plaintiffs are entitled to default judgment pursuant to Fed. R. Civ. P. 55(b). The only remaining question for the Court is the amount of the default judgment plaintiffs are entitled to recover. Under ERISA, if judgment is awarded in favor of

---

[5]Section 185(a) provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

a plan in a suit brought on behalf of the plan pursuant to 29 U.S.C. § 1145, "the court shall award the plan--

>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of--
>       (i) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). For purposes of paragraph (g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." Id.

The plaintiffs in this case seek to recover the following amounts:

| | |
|---|---|
| Principal: | $226,678.38 |
| Liquidated damages: | $ 15,998.02 |
| Interest: | $ 32,783.36 |
| Costs: | $ 350.00 |
| Attorney fees: | $ 460.00 |
| **Total** | **$276,269.76** |

Plaintiffs have submitted the affidavit of attorney Rachel Parisi to establish the amount of costs and attorney fees incurred. (Doc. 8, Exh. B). They have filed a Statement of Damages and supporting documentation to establish the remaining amounts sought. (Doc. 15). Having conducted a hearing on plaintiffs' claims for damages, and having carefully reviewed plaintiffs' documentation setting forth their damages calculations, the Court finds that plaintiffs have established their right to recover the damages amounts set forth in the

amended motion for default judgment. Plaintiffs should therefore be granted a default judgment for the total amount sought.

### IT IS THEREFORE ORDERED:

1. Plaintiffs' complaint is modified as follows: At ¶ 13, second sentence, and page 7, ¶¶ A, B and D, "JATC Fund" is substituted for "NECA."

### IT IS THEREFORE RECOMMENDED:

1. Plaintiffs' amended motion for default judgment (Doc. 14) should be **GRANTED**.

2. Default judgment should be entered in favor of plaintiffs and against defendant Butler County Electric for a total of **$276,269.76**, which is calculated as follows:

    a. Principal:             $ 226,678.38

    b. Liquidated damages:    $  15,998.02

    c. Interest:              $  32,783.36

    d. Costs:                 $     350.00

    e. Attorney fees:         $     460.00

Date: 7/22/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IBEW LOCAL 648　　　　　　　　　　　　Civil Action No. 1:10-cv-467
PENSION PLAN, et al.,　　　　　　　　　Dlott, J.
　　　　Plaintiffs　　　　　　　　　　　　Litkovitz, M.J.

vs

BUTLER COUNTY
ELECTRIC,
　　　　Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Butler County Electric<br>c/o Stacie Krause<br>3050 Minton Road<br>Hamilton, OH 45013-4346 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 3067 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |